```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

DEUTSCHE BANK NATIONAL TRUST    :
COMPANY,                        :
                                :
     Plaintiff,                 :
                                :
v.                              :     Case No. 3:16-cv-46(RNC)
                                :
ELISSA SPEER,                   :
                                :
     Defendant.                 :
```

RULING AND ORDER

This mortgage foreclosure action is before the Court on a motion to remand. Plaintiff argues that subject matter jurisdiction is lacking and removal was untimely. I agree and therefore grant the motion.

I. Background

Plaintiff filed this action in Connecticut Superior Court in November 2011. After several years of litigation, the court granted summary judgment in plaintiff's favor. Defendant's attempts to obtain appellate review were unsuccessful. On January 15, 2016, two days after the Supreme Court of Connecticut denied review, the defendant filed an objection to plaintiff's motion for a judgment of strict foreclosure, which was marked "ready" for January 19, 2016, and simultaneously removed the case.

II. Analysis

Under 28 U.S.C. § 1441(a), a case may be removed to federal court only if it could have been brought there originally, in

other words, only if the action arises under federal law or the parties are citizens of different states.  See 28 U.S.C. §§ 1331, 1332(a).  If removal is based on diversity of citizenship, the action "may not be removed" if any of the defendants "is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Regardless of the asserted basis of jurisdiction, a defendant must file a notice of removal within 30 days of receipt of the complaint or other pleading showing that the case is removable.  See 28 U.S.C. § 1446(b).  This prevents a defendant from trying a case in state court then seeking a federal forum after an unfavorable ruling.  Any doubts about removability must be resolved in favor of remand.  See Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013).

Here, removal is not available based on diversity of citizenship because the defendant is a citizen of Connecticut. Accordingly, jurisdiction is lacking unless the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction [in a removed case] is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "The well-pleaded-complaint rule mandates that in assessing subject matter jurisdiction, a

federal court must disregard allegations that a well-pleaded complaint would not include - e.g., allegations about anticipated defenses." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005).  Thus, a federal law issue raised in the defendant's answer is not a basis for removal if the complaint itself does not present a federal question.

Defendant does not contend that the plaintiff's complaint presents a federal question.  She argues, however, that the substantial federal question doctrine applies, citing Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308 (2005).  In Grable, the Court held that the national interest in providing a federal forum for federal tax litigation was sufficiently important to justify the exercise of federal-question jurisdiction in a state quiet title action concerning the validity of the IRS's seizure of real property to satisfy a federal tax delinquency.  Id. at 319-20.  Under Grable, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).

Defendant contends that the substantial federal question doctrine permits the exercise of jurisdiction because plaintiff has failed to adhere to the National Housing Act, 12 U.S.C. §

1701x(c)(5)(A)-(B), which requires a mortgage lender to notify an eligible homeowner of the availability of homeownership counseling within forty-five days of a missed payment, and the Truth in Lending Act, 15 U.S.C. § 1641(g), which requires notice to the borrower not less than thirty days after a mortgage loan is sold or otherwise transferred.

Federal courts have recognized that residential mortgage foreclosure actions do not raise an issue of national importance justifying the exercise of federal jurisdiction. See, e.g., Citigroup Glob. Mkts. Realty Corp. v. Brown, No. 2:13-CV-1232, 2014 WL 4748615, at *6 (S.D. Ohio Sept. 23, 2014); U.S. Bank Nat. Ass'n v. May, No. CIV.A. 13-4624 MLC, 2014 WL 2965938, at *3 (D.N.J. July 1, 2014).  That plaintiff might have failed to comply with notice requirements provided by federal law, as defendant alleges, does not raise such an issue here.  Moreover, exercising federal question jurisdiction over actions like this would disrupt the normal currents of litigation by making a federal forum available for state mortgage foreclosure actions between non-diverse parties.  Accordingly, jurisdiction is lacking.

Even if the substantial federal question doctrine applied in this case, and I do not believe it does, remand would nonetheless be necessary if the defendant failed to file a removal notice within the thirty days permitted by law.  Plaintiff argues that

4

removal was woefully untimely, and defendant does not respond to plaintiff's argument on this point.  The record establishes that defendant removed the case long after the thirty day period expired, following substantial litigation, including summary judgment motion practice, which resulted in a ruling in favor of the plaintiff.  Because removal was untimely, the case must be remanded in any event.[1]

Plaintiff has asked for an award of fees and costs.  When a case is remanded, fees are awarded if the removing party did not have an objectively reasonable basis for removal.  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  Even assuming the substantial federal question doctrine could be thought to raise an arguable issue in this case, defendant's removal of the action was plainly contrary to the thirty-day limitation.  It is apparent, moreover, that the case was removed due to the imminent

---

[1] In the notice of removal, the defendant stated that "removability [was] not apparent from the allegations of an initial pleading or subsequent document." <u>Cutrone v. Mortgage Elec. Registration Sys., Inc.</u>, 749 F.3d 137, 143 (2d Cir. 2014). The notice states that the action was removed within thirty days of the date on which defendant first realized that "diversity and subject matter jurisdictional requirements for removal [were] met." Notice of Removal (ECF No. 1) ¶ 12. Defendant's conclusory statement in the removal notice falls far short of providing a basis for exercising jurisdiction in the face of the plaintiff's objection. As discussed in the text, diversity does not provide a basis for removal because the defendant is a citizen of Connecticut, and defendant is relying on asserted violations of federal notice requirements that occurred before this action was brought.  In any event, by litigating the case almost to completion in state court, the defendant waived any right she might have had to a federal forum.

hearing on the motion for a judgment of strict foreclosure.  In these circumstances, an award of fees and costs is appropriate.

### III. Conclusion

Accordingly, plaintiff's motion to remand is granted. Plaintiff will file and serve an affidavit in support of its application for fees and costs within thirty days.  Defendant will have fourteen days to respond.

So ordered this 8th day of April 2016.

/s/  RNC
Robert N. Chatigny
United States District Judge
